IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN WECKESSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0528-WS-M |
| | ) | |
| SEA TOW CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The file reflects returns of service were filed in October 2008 as to both defendants. There has been no subsequent activity in the file. The Court was recently made aware of this state of affairs and entered an order requiring the plaintiff to show cause why the action should not be dismissed for failure to prosecute. (Doc. 5). The plaintiff has responded with a document styled, "affidavit for entery [sic] of default." (Doc. 7). Through this document, the plaintiff applies for entry of default and moves for entry of default judgment against both defendants.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (3rd ed. 1998). The Court therefore considers whether the defendants have been effectively served with process.

The defendants are Sea Tow Corporation ("Sea Tow") and Joseph Frohnhoefer. According to the complaint, Frohnhoefer is the chief executive officer of Sea Tow.

[1]

Process directed to Sea Tow was sent by certified mail addressed to "Sea Tow Corp., P.O. Box 1178, Southold, N.Y." Process directed to Frohnhoefer was sent by certified mail addressed to Frohnhoefer at the same address. Both returns reflect that process was signed for by one Kent Layton.

Service of process on a corporation, partnership or association may be made in accordance with Federal Rule of Civil Procedure 4(h) or by following Alabama law. Fed. R. Civ. P. 4(h)(1). The only recognized means of serving an artificial entity under federal law is "by delivering a copy of the summons and of the complaint to" specified individuals. *Id*. Rule 4(h)(1)(B). "The term 'delivering' appears to refer to personal service." *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009). Other Circuits have routinely so concluded.[1] Because service on Sea Tow was attempted by certified mail rather than by personal service, Sea Tow was not served in compliance with Rule 4(h)(1)(B). *Dyer*, 318 Fed. Appx. at 843-44 (service by certified mail on defendant's registered agent did not satisfy Rule 4(h)(1)(B)).

Under Alabama law, an artificial entity may be served "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Service on an artificial entity may be made by certified mail, but "the addressee shall be a person described in the appropriate subdivision." *Id*. Rule 4(i)(2)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6). There is no human addressee on the certified mailing to Sea Tow, so service was not effective under Alabama law.

---

[1] *E.g., Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (municipal corporations); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000) (corporations); *Husner v. City of Buffalo*, 1999 WL 48776 (2nd Cir. 1999) (municipal corporations); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) (United States Attorney); *Puet v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (United States Attorney); *accord* 1 James Wm. Moore, et al., Moore's Federal Practice § 4.53[2] (3rd ed. 2007) (corporations).

Service of process on an individual within the United States is governed by Federal Rule of Civil Procedure 4(e). Service of the summons and complaint must be made by "deliver[y]" to the defendant "personally," or by "deliver[y]" to an agent authorized by appointment or by law to receive service of process, or "by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2). As noted, delivery connotes personal service, and since certified mail is not delivered to a person's home but is picked up at the post office, one may not "leav[e] copies" within the contemplation of this rule by using certified mail. At any rate, process was not addressed to Frohnhoefer at his residence but at a corporate post office box. Accordingly, service on Frohnhoefer was not successful under Rule 4(e)(2).

Rule 4(e)(1) allows for service of process in accordance with Alabama law. The Alabama rule is substantively the same as the federal rule. *Compare* Fed. R. Civ. P. 4(e)(2) *with* Ala. R. Civ. P. 4(c)(1). Alabama, however, allows service on an individual by certified mail. *Id*. Rule 4(i)(2). "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Rule 4(c)(2)(C). As noted, one Kent Layton signed for the process directed to Frohnhoefer. Receipt by Layton effected service on Frohnhoefer only if Layton was Frohnhoefer's "agent," that is, "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." Ala. R. Civ. P. 4(i)(2)(C). There has been no showing that Layton was the agent of Frohnhoefer for purposes of this rule. *See McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009) (the certified mail receipt, of itself, does not establish that the person signing for process was the defendant's agent for purposes of Rule 4(i)(2)(C)).

For the reasons set forth above, the plaintiff's application for entry of default, construed as a motion, is **denied**, and his motion for default judgment is **denied**.

This case has now been pending over 23 months without service of process being effected. The plaintiff's failure to perfect service within 120 days after filing the

complaint exposes it to dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

The plaintiff is **ordered** to show cause, on or before **September 7, 2010**, why this action should not be dismissed without prejudice pursuant to Rule 4(m). The plaintiff may attempt to show that good cause exists under Rule 4(m), or that the Court should exercise its discretion to extend the time for service despite the absence of good cause, or both.

DONE and ORDERED this 24th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE