IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| JOHN WECKESSER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION 08-0528-WS-M |
| SEA TOW CORPORATION, et al., | ) | |
| Defendants. | ) | |

**ORDER**

The file reflects returns of service were filed in October 2008 as to both defendants. There has been no subsequent activity in the file. The Court was recently made aware of this state of affairs and on August 6 entered an order requiring the plaintiff to show cause why the action should not be dismissed for failure to prosecute. (Doc. 5). The plaintiff responded by seeking entry of default, (Doc. 7), but the Court ruled that the plaintiff had not shown good service of process on the defendants. (Doc. 8). The Court simultaneously ordered the plaintiff to show good cause by September 7 why the action should not be dismissed without prejudice under Rule 4(m). The plaintiff has not responded.

In two days, this case will have been pending for two entire years without service of process being effected. The plaintiff's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Because the plaintiff has not responded to the Court's order, he has not shown good cause for his failure to perfect service.

[1]

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1282.

There is no indication that the defendants are evading service or concealing defects in service. Indeed, there is no evidence that the defendants ever became aware they had been sued. Because the plaintiff's claims are for torts occurring in September 2006, Alabama's two-year statute of limitations presumably will bar refiling of the lawsuit following dismissal. But "the running of the statute of limitations does not require that a district court extend the time for service of process …." *Horenkamp*, 402 F.3d at 1133. Since the plaintiff did not respond to the Court's order, he has not identified any other factors he believes the Court should consider.

Here, the only factor that could counsel in favor of additional time is the running of the limitations period. The Court finds that factor, on its own, insufficient under the circumstances of this case to warrant an extension of time. Those circumstances include at least the following: (1) the plaintiff has not sought an extension of time and has on the contrary ignored a Court order to address whether an extension is appropriate; (2) the plaintiff did not file his lawsuit until the final days of the limitations period, leaving himself no cushion should service prove problematic; (3) the plaintiff did nothing to advance this lawsuit for almost two full years and so did not manifest interest in the lawsuit; (4) the plaintiff has not shown that the defendants ever became aware, even informally, that they had been sued; (5) the other factors identified by the Eleventh Circuit favor dismissal; and (6) the plaintiff has identified no additional factors that could favor an extension of time.

For the reasons set forth above, this action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 15th day of September, 2010.

                                                          s/ WILLIAM H. STEELE
                                                          CHIEF UNITED STATES DISTRICT JUDGE